IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TRANSCONTINENTAL GAS PIPE LINE )
COMPANY, LLC, )
 )
      Plaintiff, )
 )
v. ) Civil Action No.: 3:14-cv-00409-HEH
 )
Temporary easement totaling 0.119 acres, )
more or less, over a parcel of land in )
Brunswick County, Virginia of )
approximately 12.00 acres in size, as more )
particularly described herein, )
*et al.*, )
 )
      Defendants. )

## MEMORANDUM OPINION
(Granting Plaintiff's Motion for Summary Judgment)

This action stems from an expansion effort by Plaintiff Transcontinental Gas Pipe Line Company, LLC ("Transco") to build nearly 100 miles of interstate natural gas pipeline throughout Virginia's Southside region. The case is before the Court on Transco's Motion for Summary Judgment (ECF No. 51). For the reasons stated herein, Transco's Motion will be GRANTED.

### BACKGROUND

1. Transco is a natural gas pipeline company subject to regulation by the Federal Energy Regulatory Commission under the Natural Gas Act ("NGA" or "the Act"), codified at 15 U.S.C. §§ 717-717z. On November 21, 2013, the Federal Energy Regulatory Commission ("FERC") issued Transco a Certificate of Public Convenience

and Necessity ("FERC Certificate"). *See Transcontinental Gas Pipe Line Co. LLC,* 145 F.E.R.C. P 61152, 2013 WL 6137661 (Nov. 21, 2013). In accordance with the FERC Certificate, Transco intends to build nearly 100 miles of a new 24-inch interstate natural gas pipeline ("Virginia Southside Expansion Project" or "the Project") in multiple states. (Complaint, ECF No. 1, at ¶¶ 12, 14.) The Project will allow Transco to transport natural gas from a "pooling point" in New Jersey to a new natural gas-fired power station that a Dominion Virginia Power ("DVP") affiliate is building in Brunswick County, Virginia. *Transcontinental Gas, Transcontinental Gas,* 2013 WL 6137661, at *4.

2. By Order entered on September 2, 2014 (the "September 2nd Order," ECF No. 47"), the Court granted Transco's Motion for Partial Summary Judgment (ECF No. 16) and Motion for Preliminary Injunction (ECF No. 18). The Court's associated Memorandum Opinion (ECF No. 46) included a detailed description of the Project and defendant real property at issue (the "Property"), which is incorporated by reference into this Memorandum Opinion. (*See* Mem. Op. at 3–4.)

3. Transco seeks to condemn a temporary access road easement over and across 0.119 acres of the Property (the "Temporary Access Road Easement"). The Temporary Access Road Easement, which will give Transco and its agents a path to and from an adjacent public road during the Project, is described as "Area of Proposed Access Road AR-SVLB-89.6" in the Survey Plat prepared by a Certified Virginia Land Surveyor ("Survey Plat"). (Compl., Ex. B thereto.) A legal description of the Temporary Access Road Easement is included with the Survey Plat. A copy of the Survey Plat is attached to this Memorandum Opinion as Exhibit No. 1. The terms and conditions of the

2

Temporary Access Road Easement are set forth in Exhibit C to the Complaint, a copy of which is attached to this Memorandum Opinion as Exhibit No. 2.

4. In the September 2nd Order and Memorandum Opinion, the Court found that all Defendants were properly served, and only one, Constance Watkins, filed an Answer or Notice of Appearance as required by Fed. R. Civ. P. 71.1(e). (September 2nd Order at ¶ 1; Mem. Op. at 5.) The Court overruled Ms. Watkins's objections, however, and deemed her unsworn response to Transco's Preliminary Motions improper. *Id.* Additionally, the Court ruled that Transco has the substantive legal right to condemn the Temporary Access Road Easement pursuant to 15 U.S.C. § 717f(h). (September 2nd Order at ¶ 2.)

5. Pursuant to the September 2nd Order, on September 4, 2014, Transco deposited the sum of $50.00 into the registry of the Court (the "Deposit") as security for the preliminary injunction authorizing Transco to take immediate possession of Temporary Access Road Easement. (*See* Mem. Supp. Mot. for Summ. J., ECF No. 52, Ex. B. thereto.)

6. Thus after entry of the September 2nd Order, there remained only two considerations for the Court: (1) determine the just compensation owing to the remaining Defendants for Transco's condemnation of the Temporary Access Road Easement; and (2) vest legal title to this easement in Transco.

7. On September 12, 2014, Transco filed a Motion for Summary Judgment and *Roseboro v. Garrison* Notice to any *Pro Se* Defendants who might respond together with a supporting Brief. Transco's Motion requests that the Court enter summary judgment as a matter of law on the remaining two issues in this case. As no Defendant

3

has responded to Transco's Motion, and because the time for any response has expired, this matter is now ripe for disposition.

## STANDARD OF REVIEW

8. Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c).

9. "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed.R.Civ.P. 56(c) and 56(e) (1986)). "If a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion." Fed.R.Civ.P. 56(e)(2).

10. In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *U.S. v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

4

242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Nevertheless, the nonmoving party cannot "'create a genuine issue of material fact through mere speculation or the building of one inference upon another.'" *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

## ANALYSIS

11. The appropriate measure of compensation in a condemnation proceeding is the fair market value of the property as of the date of the taking. *See U.S. v. Miller*, 317 U.S. 369, 374, 63 S.Ct. 276, 87 L.Ed. 336 (1943); *see also Columbia Gas Transmission Corp. v. Rodriguez*, 551 F. Supp. 2d 460, 462 (W.D. Va. 2008) (citing *U.S. v. Petty Motor Co.*, 327 U.S. 372, 377–78 (1946)) (holding that "'[m]arket value,' rather than the value to the condemnor or the owner, is the proper measure of just compensation."). The landowner bears the burden of proving the value of the land taken. *U.S. v. 69.1 Acres of Land*, 942 F.2d 290, 292 (4th Cir. 1991) (citing *U.S. ex rel. TVA v. Powelson*, 319 U.S. 266, 274, 63 S.Ct. 1047, 87 L.Ed. 1390 (1943)).

12. Transco is the only party to present any evidence establishing the fair market value of the Temporary Access Road Easement. Despite abundant time to do so, no Defendant has presented any evidence as to fair market value, nor has any defendant objected to or opposed the evidence provided by Transco. Under Local Civil Rule 7(K)(2) and Fed. R. Civ. P. 56(e), the Court is entitled to, and hereby shall, consider Transco's Motion for Summary Judgment to be unopposed, accept as true and correct the facts asserted in the Motion and supporting brief, declaration, and documentary evidence, and rule on the papers without a hearing. *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (recognizing that failing to respond to a summary judgment

motion entitles the district court to treat the motion as unopposed and the facts stated therein as uncontroverted).

13. After reviewing the record, the Court concludes that there is no genuine issue as to any material fact, and Transco is entitled to summary judgment as a matter of law.

14. In support of its Motion, Transco presents a detailed Appraisal Report prepared by independent Certified Virginia Real Estate Appraisers that determines the fair market value of the Temporary Access Road Easement is $50.00. (*See* Mem. Supp. Mot. for Summ. J., Ex. A. thereto, Valbridge Property Advisors Appraisal Report ("Appraisal Report").) Considering both the breadth and quality of the Appraisal Report, the Court accepts the report's suggestion as to fair market value of the easement. Particularly significant is the Appraisal Report's consideration of sales of comparable land within a reasonable time before the taking. (*Id.* at 1, 18–25.); *see U.S. v. 100.01 Acres of Land*, 102 F. App'x 295, 298 (4th Cir. 2004) (unpublished) (explaining that the "best evidence" of fair market value is sales of comparable land within a reasonable time before the taking) (quoting *U.S. v. Whitehurst*, 337 F.2d 765, 775 (4th Cir. 1964).

15. Six Defendants are no longer entitled to receive an award of just compensation. Anita L. Schofield, Cynthia Blalock, Constance Watkins, Danielle L. (Travis) Pleasant, Delores Braxton, and Diane Dyson were each dismissed from this action (ECF Nos. 58, 61, 62, 64, 66, 68) after consenting to, and accepting full compensation for, Transco's acquisition of the Temporary Access Road Easement. Defendant Deborah L. Travis was also voluntarily dismissed (ECF No. 56) after Transco, upon learning that she is now deceased, settled with her heirs.

6

16. Accordingly, only those Defendants who have yet to receive compensation for their interest in the easement (the "remaining Defendants") are entitled to claim an award of just compensation, and the share awarded must be proportionate to their ownership interests.

17. Transco's evidence indicates that the remaining Defendants have a combined 37.6% ownership interest in the Property. (Pl. Reply Br. Supp. Mot. for Summ. J., ECF No. 69, Ex. A thereto, Second Supplemental Declaration of Timothy Chastain ("Supplemental Chastain Decl."), at ¶¶ 5–7.) Accordingly, the remaining Defendants are entitled to a just compensation award of $18.80, which reflects their combined 37.6% share of the $50.00 fair market value of the Temporary Access Road Easement.

18. Transco deposited $50.00, the full fair market value of the easement, with the Court. (Mem. Supp. Mot. for Summ. J., Ex. B. thereto.) As 62.4% of the ownership interests received compensation, Transco is entitled to a proportionate refund of $31.20. (Supplemental Chastain Decl. at ¶¶ 5, 8.)

19. Having satisfied its obligation to pay just compensation for the Temporary Access Road Easement, the Court hereby finds that Transco should be vested with indefeasible legal title to that easement.

20. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Nov. 25, 2014
Richmond, Virginia

7